UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND, CENTRAL
PENSION FUND OF THE INTERNATIONAL UNION
OF OPERATING ENGINEERS AND PARTICIPATING
EMPLOYERS, WISCONSIN OPERATING ENGINEERS
SKILL IMPROVEMENT AND
APPRENTICESHIP FUND,
JOINT LABOR MANAGEMENT WORK
PRESERVATION FUND, OPERATING ENGINEERS LOCAL 139
DEFINED CONTRIBUTION ANNUITY FUND,
TERRANCE E. MCGOWAN, as a Trustee of said Funds
except CENTRAL PENSION FUND, JOSEPH SHELTON
as Chief Executive Officer of CENTRAL PENSION FUND, and
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 139,

    Plaintiffs,

v.            CIVIL ACTION NO. _____

CORNERSTONE PAVERS, LLC
6422 STATE ROAD 31, STE. 1
RACINE, WI 53402,

    Defendant.

---

## COMPLAINT

---

  The Plaintiffs, Operating Engineers Local 139 Health Benefit Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, Joint Labor Management Work Preservation Fund, Operating Engineers Local 139 Defined Contribution Annuity Fund, Terrance E. McGowan, as a Trustee of all Funds except Central Pension Fund, Joseph Shelton as Chief Executive Officer of Central Pension Fund, and the International Union of Operating

Engineers, Local 139, by their attorneys, complaining of the Defendant, Cornerstone Pavers, LLC, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA") and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185. Jurisdiction is based upon the existence of questions arising under federal law, 28 U.S.C. § 1331. The rights asserted with respect to all Counts arise from the same series of transactions and there are common questions of law and facts to all Counts.

2. Plaintiffs are administered at N27W23233 Roundy Drive Pewaukee, WI 53702, which is located in this district making venue proper, 28 U.S.C. § 1391(b)(2).

## COUNT I

3. Plaintiffs, Operating Engineers Local 139 Health Benefit Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund and Operating Engineers Local 139 Defined Contribution Annuity Fund (hereinafter "Plaintiff Funds") are "employee welfare benefit plans" and "plans" within the meaning of ERISA ("Plans"). Plaintiff McGowan is a fiduciary of Plaintiff Funds except Central Pension Fund. Joseph Shelton is the Chief Executive Officer of Central Pension Fund.

4. Defendant is a party to multiple collective bargaining agreements with Local 139 of the International Union of Operating Engineers ("Collective Bargaining Agreements").

5. Defendant is obligated to make fringe benefit contributions to Plaintiff Funds under the terms of the Collective Bargaining Agreements. Defendant is also obligated to make

fringe benefit contributions to Plaintiff Funds under the terms of the trust agreements that are incorporated by reference in the Collective Bargaining Agreements and establish and govern Plaintiff Funds ("Trust Agreements").

6. Defendant is an "Employer" within the meaning of ERISA and is obligated to make fringe benefit contributions to Plaintiff Funds pursuant to ERISA, 29 U.S.C. § 1145.

7. As an Employer obligated to make fringe benefit contributions to Plaintiff Funds under the Collective Bargaining Agreements and Trust Agreements, Defendant is specifically required to do the following:

- a. To submit for each month a report stating the names, Social Security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff Funds, or, if no such persons are employed, to submit a report so stating ("Monthly Reports");

- b. To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

- c. To make all of its payroll books and records available to Plaintiff Funds for the purpose of auditing the same to verify the accuracy of Defendant's past reporting upon request made by Plaintiff Funds;

- d. To compensate Plaintiff Funds for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of twenty (20%) percent of any and all contributions which are not received by Plaintiff Funds for a particular month prior to the 15th day of the succeeding month, plus interest on the late payments up to 1 1/2 % per month simple interest to compensate for the loss of use of the money, *see also* 29 U.S.C. §§ 1132(g)(2)(B) and (C);

- e. To pay any and all costs incurred by Plaintiff Funds in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required by it to be made to Plaintiff Funds;

- f. To pay Plaintiff Funds' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books

3

and records for audit or to recover delinquent contributions, *see also* 29 U.S.C. § 1132(g)(2)(D); and

g. To furnish to Plaintiff Funds a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiff Funds, to cover future contributions due Plaintiff Funds.

8. That, upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, there is a total of $123,771.63 known to be due Plaintiff Funds from Defendant for the audited period of January 1, 2021 through March 31, 2023 ("Audited Period").

9. Defendant has breached its obligations to Plaintiff Funds and its obligations under the Plans and Trust Agreements by failing to make payment of all contributions, liquidated damages, interest, and audit fees based upon an audit of the Defendant's payroll records.

10. One of the Agreements, entitled "Letter of Understanding to Heavy and Highway Construction Agreement Winter Repair Work," (hereinafter referred to as the "Winter Repair Agreement") allowed Defendant to pay only health and half of the usual pension contributions as follows:

> It is agreed from December 1st through April 15th, when non full-time bargaining unit employees are assigned to perform equipment repair that is not part of the Employer's normal operations and that is not otherwise covered by the provisions of any other agreement with the Union, those bargaining unit employees shall receive the Health Benefit and 50% Pension contributions as set forth in the current Master Agreement and the Employer will pay 70% of Classification 4 of the current Master Agreement.

11. Prior to the Audited Period, Defendant paid the required health and pension contributions on all winter equipment repair hours for work performed under the Winter Repair Agreement. During the Audited Period, Defendant stopped complying with the Winter Repair Agreement. Amounts due under the Winter Repair Agreement are included in the total amount due, as set forth in paragraph 8 above.

12. Defendant previously filed bankruptcy, under Chapter 11 of the Bankruptcy Code, which was discharged in March 2021. Any unpaid contributions, liquidated damages, and interest found by the auditor prior to discharge have been removed from the audit. Plaintiffs do not seek to collect any amounts found due during the pendency of the Bankruptcy Case

13. Additionally, Defendant has failed to submit all required remittance reports or pay contributions from October 2023 to the present ("Unaudited Period"). Given Defendant's delinquent contribution history to the Plaintiff Funds, Defendant may become delinquent during the pendency of this lawsuit, which amounts Plaintiff Funds also seek.

14. Plaintiff Funds have requested that Defendant performs its obligations, but Defendant has failed and refused to so perform.

15. Defendant's continuing refusal and failure to perform its obligations to Plaintiff Funds is causing and will continue to cause irreparable injuries to Plaintiff Funds for which they have no adequate remedy at law.

WHEREFORE, Plaintiff Funds request the following relief:

A. That Defendant be ordered to continue submitting contribution reports and pay all current contributions while this action is pending;

B. That Judgment be entered in favor of the Plaintiff Funds and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, and Plaintiff Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action, all as provided for in the Plans, Trust Agreements and in ERISA;

C. That Defendant be permanently enjoined and ordered to perform specifically its obligations to the Plaintiff Funds, and in particular, to continue submitting the required reports and contributions due thereon to the Plaintiff Funds in a timely fashion as required by the Plans and by ERISA; and

D. That the Plaintiff Funds have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

# COUNT II

16. Plaintiff International Union of Operating Engineers, Local 139 ("Plaintiff Union") is a labor organization representing certain of Defendant's employees as the duly authorized collective bargaining representative and is party to the Collective Bargaining Agreements to which Defendant has agreed to be bound.

17. Under the Collective Bargaining Agreements, Defendant has agreed to deduct from the wages of those of its employees represented by Plaintiff Union in collective bargaining and who execute proper written authorization, sums of money as and for union dues, which monies are to be remitted to Plaintiff Union on a monthly basis along with Defendant's regular fringe benefit reports and contributions, as described in Count I of this Complaint.

18. Defendant has deducted or have been required to deduct dues from the wages of its employees as required by the Collective Bargaining Agreements. Plaintiff Union has been unable to verify whether Defendant has properly remitted all such monies deducted from employees' wages to Plaintiff Union and has instead converted such monies to their own use as alleged in Count I of this Complaint.

19. The total amount of money which Plaintiff Union knows Defendant to have failed to remit in violation of the Collective Bargaining Agreements is $4,537.12 for the Audited Period (minus amounts unpaid prior to discharge of Defendant's bankruptcy in March 2021) and for an unknown amount for the Unaudited Period. Given Defendant's delinquent contribution history, Defendant may become delinquent during the pendency of this lawsuit, which amounts Plaintiff Union also seeks.

20. The Defendant's acts and omissions as described herein constitute a breach of the Collective Bargaining Agreements and entitle Plaintiff Union to recover from Defendant all

monies which Defendant was required to remit to Plaintiff Union, whether deducted from wages or not and whether traceable or untraceable commingled with Defendant's assets, and further entitle Plaintiff Union to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff Union requests the following relief:

A. That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff Union;

B. That Plaintiff Union recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs; and

C. That Plaintiff Union have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

## COUNT III

21. Plaintiff Joint Labor Management Work Preservation Fund a/k/a Construction Business Group ("JLMWPF") is a jointly trusted labor management cooperative established to assist workers and employers in solving problems of mutual concern not susceptible to resolution within the collective bargaining process, to improve the employment opportunities of employees, to expand the market for the construction industry, to improve communications between labor and management, and to provide workers and employers with opportunities to explore joint approaches to organization and effectiveness. Plaintiff McGowan is a fiduciary of JLMWPF.

22. Defendant is a party to the Collective Bargaining Agreements, which require contributions to Plaintiff JLMWPF at a set rate for each hour worked by employees performing work covered under the Collective Bargaining Agreements.

23. Defendant has failed to remit the contributions due.

24. The total amount of money which Plaintiff JLMWPF knows Defendant to have failed to remit in violation of the Collective Bargaining Agreements is $281.55 for the Audited Period (minus amounts unpaid prior to discharge of Defendant's bankruptcy in March 2021) and for an unknown amount for the Unaudited Period. Given Defendant's delinquent contribution history, Defendant may become delinquent during the pendency of this lawsuit, which amounts Plaintiff JLMWPF also seek.

25. The Defendant's acts and omissions as described herein constitute a breach of the Collective Bargaining Agreements and entitle Plaintiff JLMWPF to recover from Defendant all monies which Defendant was required to remit to Plaintiff JLMWPF, whether traceable or untraceable commingled with Defendant's assets, and further entitle Plaintiff JLMWPF to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff JLMWPF requests the following relief:

A. That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff JLMWPF;

B. That Plaintiff JLMWPF recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs; and

C. That Plaintiff JLMWPF have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

Dated this 20th day of December, 2023.

                                        */s/ Cynthia L. Buchko*

Cynthia L. Buchko
In-House Counsel for
Operating Engineers Local 139 Health Benefit Fund,
Wisconsin Operating Engineers Skill Improvement and
Apprenticeship Fund, Operating Engineers Local 139 Defined
Contribution Annuity Fund, Trustee Terrance E. McGowan,
International Union of Operating Engineers Local 139 and
Joint Labor Management Work Preservation Fund
a/k/a Construction Business Group
4702 S. Biltmore Lane
Madison, WI 53718
Attorney No. 1036102
Telephone: 608-310-8341
Facsimile: 608-240-4179
E-mail: c.buchko@cbgwi.com


                                        */s/ Laura M. Finnegan*

Laura M. Finnegan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Ste. 2200
Chicago, IL 60606-5231
Attorney No. 1058640
Telephone: 312-236-4316
Facsimile: 312-236-0241
E-mail: lmfinnegan@baumsigman.com

Attorney for Plaintiffs Central Pension Fund of the
International Union of Operating Engineers and
Participating Employers and Joseph Shelton as
Chief Executive Officer of Central Pension Fund